**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK**

----------------------------------------------------------------x

BESSIE ZIROGIANNIS,                          :
individually and on behalf of a class,       :
                                             :
                Plaintiff,                   :
                                             :        2:10-cv-01657 LDW WDW
        v.                                   :
                                             :
FEIN, SUCH & CRANE, LLP;                     :
FEIN, SUCH, KAHN AND SHEPARD, P.C.;          :
RELIN, GOLDSTEIN & CRANE, LLP;               :
                                             :
                Defendants.                  :

----------------------------------------------------------------x

**PLAINTIFF'S RESPONSE TO DEFENDANTS FEIN, SUCH & CRANE, LLP AND
FEIN, SUCH, KAHN AND SHEPARD, P.C.'S  AND DEFENDANT RELIN, GOLDSTEIN
& CRANE, LLP'S RULE 12(b)(6) MOTIONS TO DISMISS**

Abraham Kleinman
KLEINMAN, LLC
626 RexCorp Plaza
Uniondale, New York  11556-0626
(516) 522-2621
(888) 522-1692 (FAX)

Daniel A. Edelman
Cathleen M. Combs
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)

## TABLE OF CONTENTS

I.      INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.     THE FAIR DEBT COLLECTION PRACTICES ACT . . . . . . . . . . . . . . . . . . . . . . . . . . 3

III.    DEFENDANTS VIOLATED THE FDCPA BY FAILING TO DISCLOSE THE
        IDENTITY OF THE CREDITOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        A.      The FDCPA requires disclosure of the person to whom the debt is owed  . . . . . . 5

        B.      The consumer is entitled to know who is the debt collector's principal  . . . . . . . . 6

IV.     DEFENDANTS' REQUEST FOR PAYMENT WITHIN THE 30 DAY VALIDATION
        PERIOD WITHOUT FURTHER EXPLANATION OVERSHADOWS AND
        CONTRADICTS THE VALIDATION NOTICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

V.      DEFENDANTS' LETTER VIOLATES THE FDCPA BY (1) ADDING THE
        UNAUTHORIZED REQUIREMENT THAT THE DISPUTE BE IN "WRITING" AND
        (2) FAILING TO STATE THAT THE DEBT WILL BE ASSUMED VALID BY THE
        DEBT COLLECTOR . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        A.      The Plain Language of §1692g(a)(3) Exposes the Error in Defendants' Disclosure
                Statement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        B.      Defendants' Letter Fails to Apply the Assumption of Validity to Debt
                Collectors . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

VI.     THE ACTS OF FS&C, AS A CO-VENTURE OF FSK&S AND RG&C, ARE
        ATTRIBUTABLE TO FSK&S AND RG&C . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

VII.    CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

i

## **TABLE OF AUTHORITIES**

### CASES

*Avila v. Rubin,*
    84 F.3d 222 (7th Cir. 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Baker v. G.C. Services Corp.,*
    677 F.2d 775 (9th Cir. 1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Bartlett v. Heibl,*
    128 F.3d 497 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10

*Brady v. The Credit Recovery Co., Inc.,*
    160 F.3d 64 (1st Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Camacho v. Bridgeport Financial, Inc.,*
    430 F.3d 1078 (9th Cir. 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

*Castro v. A.R.S. National Services, Inc.,*
    99-CV04596, 2000 U.S. Dist. LEXIS 2618 (S.D.N.Y. Mar. 8, 2000) . . . . . . . . . . . . . 16

*Chan v. North American Collectors,*
    06-0016, 2006 U.S.Dist. LEXIS 13353 (N.D.Cal. March 24, 2006) . . . . . . . . . . . . . . . 6

*Chase Bank USA, N.A. v. Cardello,*
    896 N.Y.S.2d 856 (Civ. Ct. Richmond Co. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Chauncey v. JDR Recovery Corp.,*
    118 F.3d 516 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 11, 12

*Clomon v. Jackson,*
    988 F.2d 1314 (2d Cir. 1993) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*College Mgt. Co. v. Belcher Oil Co.,*
    159 A.D.2d 339 (1st Dep't 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Desantis  v. Computer Credit, Inc.,*
    269 F.3d 159 (2d Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*Deutsche Bank National Trust Co. v. Castellanos,*
    15 Misc.3d 1134A, 841 N.Y.S.2d 819 (May 11, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Deutsche Bank National Trust Co. v. Castellanos,*
    18 Misc.3d 1115A, 856 N.Y.S.2d 497 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Deutsche Bank National Trust Co. v. Steele,*
    No. 2:07-cv-886, 2008 U.S.Dist. LEXIS 4937 (S.D. Ohio Jan. 8, 2008) . . . . . . . . . . . . 8

*DLJ Mortgage Capital, Inc. v. Parsons,*
    2008 Ohio 1177 Ohio App. LEXIS 990 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*Ellis v. Solomon and Solomon, P.C.,*
    591 F.3d 130 (2nd Cir. 2010) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Estate of Cowart v. Nichols Drilling Co.*,
   505 U.S. 469 (1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

*Everhome Mortgage Co. v. Rowland*,
   2008 Ohio 1282, 2008 Ohio App. LEXIS 1103 (2008) . . . . . . . . . . . . . . . . . . . . . . . . 8

*Fairbanks v. Nagel*,
   289 A.D.2d 99, 735 N.Y.S.2d 13 (1st Dep't 2001) . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Graziano v. Harrison*,
   950 F. 2d 107 (3d Cir. 1991 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 16

*Greco v. Trauner, Cohen & Thomas, LLP*,
   412 F.3d 360 (2d Cir., 2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*,
   217 F.Supp. 2d 336 (E.D. N.Y. Aug. 19, 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*HBC Bank USA v. Rayford*,
   No. 3:07-CV-428, 2007 U.S.Dist. LEXIS 86215 (S.D. Ohio Nov. 21, 2007) . . . . . . . . . 8

*HSBC Bank USA, N.A. v. Valentin*,
   14 Misc.3d 1123A, 859 N.Y.S.2d 895 (2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*HSBC Bank USA, N.A., v. Cherry*,
   18 Misc.3d 1102A, 856 N.Y.S.2d 24 (2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Foreclosure Cases*,
   521 F.Supp.2d 650 (S.D. Ohio 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*In re Foreclosure Cases*,
   No. 07-cv-166, 2007 U.S.Dist. LEXIS 90812 (S.D. Ohio Nov. 27, 2007) . . . . . . . . . . 8

*In re Foreclosure Cases*,
   No. 07-cv-166, 2007 U.S.Dist. LEXIS 95673 (S.D. Ohio, Dec. 27, 2007) . . . . . . . . . . 8

*In re Foreclosure Cases*,
   No. 1:07CV2282, 2007 U.S.Dist. LEXIS 84011 (N.D. Ohio Oct. 31, 2007) . . . . . . . . . 8

*In re Risk Management Alternatives, Inc.*,
   208 F.R.D. 493 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15, 17

*Jacobson v. Healthcare Financial Services, Inc.*,
   516 F.3d 85 (2d Cir. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10-13

*Johnson v. Revenue Mgmt. Corp.*
   169 F3d 1057 (7th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Keele v. Wexler*,
   149 F.3d 589 (7th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Lotito v. Biden*,
   851 N.Y.S.2d 70, 2007 N.Y. Misc. LEXIS 7144 (N.Y. Sup. Ct. 2007) . . . . . . . . . . . . 19

*Mace v. Van Ru Credit Corp.*,
    109 F.3d 338 (7th Cir. 1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Madison Hudson Assoc., LLC v. Neumann*,
    806 N.Y.S.2d 445, 2005 N.Y. Misc. LEXIS 1698 (N.Y. Sup. Ct. 2005) . . . . . . . . . . . 19

*McCartney v. First City Bank*,
    970 F.2d 45 (5th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Miller v. Payco-Gen Am Credits, Inc.*,
    943 F. 2d 482 (4th Cir. 1991) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

*Miller v. Wolpoff & Abramson, L.L.P*,
    321 F.3d 292 (2d Cir. 2003) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*NovaStar Mortgage, Inc. v. Grooms*,
    No. 3:07-CV-395, 2007 U.S.Dist. LEXIS 86214 (S.D. Ohio Nov. 21, 2007) . . . . . . . . . 8

*NovaStar Mortgage, Inc. v. Riley*,
    No. 3:07-CV-397, 2007 U.S.Dist. LEXIS 86216 (S.D. Ohio Nov. 21, 2007) . . . . . . . . . 8

*Nyankojo v. North Star Capital Acquisition*,
    679 S.E.2d 57 (2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

*Ong v. American Collection Enterprise, Inc.*,
    1999 U.S. Dist. LEXIS 409, Case No. 98-CV-5117  (E.D.N.Y., 1999) . . . . . . . . . . 16, 17

*Palisades Collection LLC v. Haque*,
    2006 N.Y. Misc. LEXIS 4036; 235 N.Y.L.J. 71 (Civ. Ct. Queens Co., April 13, 2006) . 7

*Palisades Collection, LLC v. Gonzalez*,
    10 Misc. 3d 1058A; 809 N.Y.S.2d 482 (Civ. Ct. N.Y. Co.  2005) . . . . . . . . . . . . . . . . . . 7

*Prince v. Dembitzer*,
    193 A.D.2d 494, 597 N.Y.S.2d 381 (N.Y. Sup. Ct. 1993) . . . . . . . . . . . . . . . . . . . . . . . . 19

*Register v. Reiner, Reiner, & Bendett, PC*,
    488 F. Supp. 2d 143 (D. Conn. 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

*Related- Fallse Bridge Ltd. Partnership v. Falls bridge Plaza Association*,
    177 A.D.2d 275, 575 N.Y.s.2d 852 (N.Y. Sup. Ct. 1991) . . . . . . . . . . . . . . . . . . . . . . . . 19

*Rushmore Recoveries X, LLC v. Skolnick*,
    2007 N.Y. Misc. LEXIS 3731, 841 N.Y.S.2d 823 (Nassau Co. Dist. Ct. 2007) . . . . . . . 7

*Russell v. Equifax, A.R.S.*,
    74 F.3d 30 (2d Cir 1996) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 11

*Savino v. Computer Credit, Inc.*,
    164 F.3d 81 (2d Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4, 10, 11, 13

*Sparkman v. Zwicker & Associates, P.C.*,
    374 F. Supp. 2d 293 (E.D. N.Y.  2005) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Unifund CCR Partners v. Hemm*,
  08-CA-36, 2009 Ohio 3522; 2009 Ohio App. LEXIS 3009
  (Ohio App., 2nd Dist., July 17, 2009) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
*Unifund CCR Partners v. Laco*,
  No. 05-08-01575-CV, 2009 Tex. App. LEXIS 9642 (Tex. App. Dec. 17, 2009) . . . . . 7
*United States v. American Trucker Assns., Inc.*,
  310 U.S. 534 (1940) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15
*Vega v. Credit Bureau Enterprises*,
  2005 U.S. Dist. LEXIS 4927, Case No. 02-CV-1550 (E.D.N.Y. 2005) . . . . . . . . . . . . 15
*Washington Mutual Bank, F.A. v. Green*,
  156 Ohio App.3d 461, 806 N.E.2d 604 (2004) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8
*Young v. Credit Bureau of Lockport, Inc.*,
  729 F. Supp. 1421 (W.D.N.Y. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

## STATUTES AND OTHER AUTHORITIES

12 U.S.C. §2605(i) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

15 U.S.C. §1692a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5, 6

15 U.S.C. §1692d . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. §1692e . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. §1692f . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

15 U.S.C. §1692g . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 3, 5, 6, 8-10, 13-18

Collecting Consumer Debts: The Challenges of Change, A Workshop Report, February 2009 . 6

FTC Official Staff Commentary on the Fair Debt Collection Practices Act,
  53 Fed. Reg. 5009 (Dec. 13, 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

N.Y. Partnership Law §§ 26(c)-(d) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

N.Y. U.C.C. §9-406 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

Rule 5.1 of the New York Rules of Professional Conduct . . . . . . . . . . . . . . . . . . . . . . . 20

Rule 7.5 of the New York Rules of Professional Conduct . . . . . . . . . . . . . . . . . . . . . . . 19

## I.    INTRODUCTION

Plaintiff Bessie Zirogiannis ("Plaintiff") asserts that Defendants Fein, Such & Crane, LLP, Fein, Such, Kahn and Shepard, P.C. and Relin, Goldstein & Crane, LLP, violated the Fair Debt Collection Practices Act, 15 U.S.C. §1692g, by (1) failing to identify the current creditor, (2) requiring the consumer to arrange for and remit payment prior to the end of the 30-day validation period without explaining that a dispute or request for verification will halt further collection action until the debt is verified, (3) demanding that the debt be disputed in writing and (4) failing to state that if not disputed the debt will be assumed valid by the debt collector, in direct contradiction to the language of the statute.  Contrary to Defendants' assertions, Plaintiff has sufficiently plead that Defendants have violated the FDCPA, 15 U.S.C. §1692g.

### Defendants' Relationship and Joint Venture

Defendant Fein, Such & Crane, LLP (FS&C) is a Rochester New York law firm founded in 1998 to handle  mortgage foreclosures and related matters, bankruptcies and collections within the State of New York. (Am. Cmplt. ¶5-6).  Defendant  Fein, Such, Kahn and Shepard, P.C. (FSK&S) is a New Jersey law firm. (Am. Cmplt. ¶7).  Defendant Relin, Goldstein & Crane, LLP (RG&C) is a also a Rochester New York law firm.  (Am. Cmplt. ¶8).

As of June 15, 2010, the website of Defendant FSK&S stated that it is "a co-venture of Fein, Such, Kahn, and Shepard, P.C., the Southern New York Partner, and Relin, Goldstein & Crane, LLP, the Northern New York Partner." (Am. Cmplt. ¶9; Exhibit A to the Complaint).  The website further states that "The Southern and Northern New York Partners established Fein, Such & Crane, LLP to capitalize on the combined expertise of two well known creditors' rights firms, and to provide close proximity geographical coverage in 'Upstate' and 'Downstate' New York. Through this co-venture, we are able to apply to our client's benefit the collective depth and breadth of knowledge and experience of the shareholders, partners, associates and staff of the two sister law firms...." (Am. Cmplt. ¶10).  Because it is entirely unclear, Plaintiff's complaint does not contain any allegations with respect to which entity or lawyer is a general partner and which is a limited

1

partner of FS&C.

Because FS&C is a co-venture of FSK&S and RG&C, its acts are attributable to FSK&S and RG&C.  (Am. Cmplt. ¶11).

Rule 7.5 of the New York Rules of Professional Conduct, regarding Professional Notices, Letterheads and Signs, states that "Lawyers shall not hold themselves out as having a partnership with one or more other lawyers unless they are in fact partners." Rule 7.5(c).  (Am. Cmplt. ¶12).

### Defendants' Collection Letter to Plaintiff

On or about March 9, 2010, defendant Fein, Such & Crane, LLP sent plaintiff a collection letter seeking to collect a loan secured by plaintiff's residence and obtained for personal, family or household purposes and not for business purposes.  (Am. Cmplt. ¶15).  Defendants' letter demands that payment (other than by personal check), "must *be received in our office on or before April 8, 2010*..." which is 30 days from the date of the letter, or the loan may be accelerated and a lawsuit filed.  (Exhibit A to the Complaint; Am Cmplt. ¶16)(emphasis added). This demand effectively requires that the consumer arrange for and remit payment prior to the end of the 30 day validation period.  (Am. Cmplt. ¶17)  Such a statement is impermissible unless the letter further explains that a dispute or request for verification will halt further collection action until the debt is verified.  Instead, the collection letter states the exact opposite  –  that "this and any further communication will not stay the proceeding of this action . . . ."  (Am. Cmplt. ¶18)

The collection letter further fails to disclose "the name of the creditor to whom the debt is owed," stating that the loan "is currently being *serviced and or held* by OneWest Bank, FSB."  (Am. Cmplt. ¶19)(emphasis added).  The holder of a note is the creditor, but a servicer is simply a debt collector acting for another.  Additionally, the collection letter demands "Unless you, the debtor, within thirty days after receipt of this notice, dispute, *in writing*, the validity of the debt or some portion thereof, the debt will be assumed to be *valid by the creditor*."  (Exhibit A to Am. Cmplt.; Am. Cmplt. ¶20- 21)(emphasis added).  The FDCPA does not require that a debtor dispute

2

in writing.  *Id.*  Furthermore, whereas the letter states that if not disputed the debt will be assumed to be valid by the ***creditor***, the FDCPA provides that the debtor must be told that the ***debt collector*** may assume it is valid.  *Id.*

Defendants' collection letter thus violates 15 U.S.C. §1692g by (1) failing to identify the current creditor (2) requiring the consumer to arrange for and remit payment prior to the end of the 30-day validation period without explaining that a dispute or request for verification will halt further collection action until the debt is verified, (3) demanding that the debt be disputed in writing and (4) failing to state that if not disputed the debt will be assumed valid by the debt collector, in direct contradiction to the language of the statute.  Contrary to Defendants' assertions, Plaintiff has sufficiently plead that Defendants have violated the FDCPA, 15 U.S.C. §1692g. (Am. Cmplt. ¶ 23).

## II.    THE FAIR DEBT COLLECTION PRACTICES ACT

The FDCPA states that its purpose, in part, is "to eliminate abusive debt collection practices by debt collectors."15 U.S.C. §1692e. The Act is designed to protect consumers from unscrupulous collectors, whether or not there is a valid debt.  *Mace v. Van Ru Credit Corp.*, 109 F.3d 338 (7th Cir. 1997); *Keele v. Wexler*, 149 F.3d 589, 594 (7th Cir. 1998);  *Baker v. G.C. Services Corp.*, 677 F.2d 775, 777 (9th Cir. 1982); *McCartney v. First City Bank*, 970 F.2d 45, 47 (5th Cir. 1992). The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt. The Act also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.  Statutory damages are recoverable for violations, whether or not the plaintiff proves actual damages.  *Miller v. Wolpoff & Abramson, L.L.P*, 321 F.3d 292, 307 (2d Cir. 2003); *Baker*, 677 F.2d at 780-781.

Section 1692g requires that the initial debt collection letter (or one sent within five days thereafter) contain a "validation notice" which must inform the consumer how to dispute and obtain verification of the debt within thirty days from receiving the letter.  15 U.S.C. §§1692g(a)(3), (a)(4).

Whether a communication or other conduct violates the FDCPA is to be determined by analyzing it from the perspective of the "least sophisticated" debtor or consumer. *Russell v. Equifax, A.R.S.*, 74 F.3d 30, 34 (2d Cir 1996); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993). "The basic purpose of the least-sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon, supra.* This standard ensures that "purported compliance with the form of the statute [is] not ...given sanction at the expense of the substance of the Act." *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 90-91 (2d Cir. 2008), quoting *Russell v. Equifax A.R.S.*, 74 F.3d 30, 33 (2d Cir. 1996).

Under this standard, even if all the required information is contained in a validation notice, the debt collector may nevertheless violate the FDCPA if the notice of the debtor's rights is overshadowed, confusing or contradicted by accompanying messages. *Jacobson v. Healthcare Financial Servs.*, 516 F.3d 85, 90 (2d Cir. 2008) (a debt collector "has the obligation, not just to convey the information [required by §1692g(a)], but to convey it clearly."); *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 518 (7th Cir. 1997); *Bartlett v. Heibl*, 128 F.3d 497, 500 (7th Cir. 1997). A debt collection notice is overshadowing or contradictory if it "fails to convey the validation information clearly and effectively and thereby makes the least sophisticated consumer uncertain as to her rights." *Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir. 1998); *Russell v. Equifax A.R.S.,* 74 F.3d 30 (2d Cir. 1996). A debt collector cannot use "cunning ways to circumvent §1692g under cover of technical compliance." *Russell*, 74 F.3d at 35. A debt collector violates the Act if its communication is "reasonably susceptible to an inaccurate reading" of the required message. *Russell*, 74 F.3d at 34.

"The critical question is therefore whether the notice fails to convey the required information 'clearly and effectively and thereby makes the least sophisticated consumer uncertain' as to the meaning of the message." *Desantis v. Computer Credit, Inc.*, 269 F.3d 159, at 161 (2d Cir. 2001), quoting *Savino v. Computer Credit, Inc.*, 164 F.3d 81, at 85 (2d Cir. 1998). Contrary to Defendants' FS&C and KSK&S' assertions, Plaintiff has sufficiently plead that Defendants have

4

violated the FDCPA, 15 U.S.C. §1692g in several respects.

III.   **DEFENDANTS VIOLATED THE FDCPA BY FAILING TO DISCLOSE THE IDENTITY OF THE CREDITOR**

15 U.S.C. §1692g(a)(2) specifically requires that the "debt collector" disclose in its initial communication (or within 5 days thereafter) "the name of the creditor to whom the debt is owed." This requires disclosure of the actual holder of the debt, not a collection agent or servicer. Defendants' collection letter does not state who the creditor is, but instead states "this loan is currently being serviced and or held by ONEWEST BANK FSB." (Exhibit A to the Complaint). This ambiguity does not satisfy the requirements of §1692g(a)(2).

A.   **The FDCPA requires disclosure of the person to whom the debt is owed**

"Creditor" is defined in the FDCPA (15 U.S.C. §1692a(4)) as a "person who offers or extends credit creating a debt or to whom a debt is owed ...." (Emphasis added)

A "servicer" is not the person to whom the debt is owed, but simply a collection agent. The term is commonly used in connection with mortgage loans, such as present here: "servicer" is defined in the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605(i)(2) ("RESPA"), as "the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also  services the loan)." "Servicing" is defined in §2605(i)(3) as "receiving any scheduled periodic  payments from a borrower pursuant to the terms of any loan . . . and making the payments of  principal and interest and such other payments with respect to the amounts  received from the borrower as may be required pursuant to the terms of the loan." RESPA thus distinguishes between the maker or holder of the loan and the person who collects and disburses payments on behalf of the maker or holder.

There is also a "servicing exemption" in the definition of "debt collector" in the FDCPA. The "servicing exemption" is in 15 U.S.C.§ 1692a(6)(F)(iii), and exempts "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . (iii) concerns a debt which was not in default at the time it was obtained by

5

such person . . ."[1] The language of the exemption tracks the basic 1692a(6) definition of "debt collector," which is "any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another."  It is evident from this formulation that a "servicer" is treated similarly to a debt collector, that a servicer is exempt only if it first became involved with the debt prior to default, that the "another" for whom the servicer is acting is the "creditor," and that even an exempt servicer is not that "another."

The requirement in §1692g(a)(2) that the "debt collector" disclose "the name of the creditor to whom the debt is owed" thus requires disclosure of the actual holder of the debt, not a collection agent or servicer.  If the debt has been assigned, the assignee is the current holder and is the party who must be disclosed.  *Chan v. North American Collectors*, 06-0016, 2006 U.S.Dist. LEXIS 13353 (N.D.Cal. March 24, 2006).

Despite the statute's clear requirement, Defendants' ambiguous statement ("this loan is currently being serviced and or held by ONEWEST BANK FSB") does not inform the debtor whether Onewest is the servicer or the holder of the debt.

### B.     The consumer is entitled to know who is the debt collector's principal

The reason for the requirement that the current creditor be identified is that there have long been widespread problems with consumers paying or settling debts with collection agents and then being subjected to collection activity or suit by others for the same debt.  The Federal Trade Commission recently found (Collecting Consumer Debts: The Challenges of Change, A Workshop Report, Feburary 2009 ["FTC Workshop Report"] (available at http://www.ftc.gov/bcp/workshops/debtcollection/dcwr.pdf) that debt buyers were filing tens of thousands of collection lawsuits in state courts without having the evidence necessary to prove them. FTC Workshop Report, pp. 55-57. Among the things which debt buyers have been unable to prove

---

[1]  "The exception (iii) for debts not in default when obtained applies to parties such as mortgage service companies whose business is servicing current accounts."  FTC Official Staff Commentary on the Fair Debt Collection Practices Act, 53 Fed. Reg. 50097, at 50104 (Dec. 13, 1988).

6

is that they actually own the debts sued upon.   For example, in *Nyankojo v. North Star Capital Acquisition,* 679 S.E.2d 57, 60-61 (2009), the court held:

> Through competent and admissible evidence, North Star showed nothing more than that, under a revolving charge agreement, Nyankojo was indebted in the amount of $2,621.83 on an account to Leather World identified by number; that Leather World assigned an unidentified revolving charge agreement to an unidentified entity; and that Wells Fargo assigned to North Star an unidentified account on which Nyankojo owed $1,132.62. This evidence, even together with the reasonable inferences from it, was insufficient to establish all essential elements of North Star's case.

Similarly, in *Rushmore Recoveries X, LLC v. Skolnick,* 2007 N.Y. Misc. LEXIS 3731, *3, 841 N.Y.S.2d 823 (Nassau Co. Dist. Ct. 2007), the court held that:

> [T]he documents upon which the Plaintiff relies do not support the Plaintiff's claim. While the Plaintiff alleges that it is the assignee of this account, the Plaintiff fails to provide proper proof of the alleged assignment sufficient to establish its standing herein. The Plaintiff has made no effort to authenticate the alleged assignments . . . and, there is a brake [sic] in the chain of the assignments from Citibank down to the Plaintiff.

*See also Palisades Collection LLC v. Haque,* 2006 N.Y. Misc. LEXIS 4036; 235 N.Y.L.J. 71 (Civ. Ct. Queens Co., April 13, 2006); *Palisades Collection, LLC v. Gonzalez,*  10 Misc. 3d 1058A; 809 N.Y.S.2d 482 (Civ. Ct. N.Y. Co.  2005); *Unifund CCR Partners v. Hemm*, 08-CA-36, 2009 Ohio 3522; 2009 Ohio App. LEXIS 3009 (Ohio App., 2nd Dist., July 17, 2009) (debt buyer could not prove that it owned alleged account); *Unifund CCR Partners v. Laco,* No. 05-08-01575-CV, 2009 Tex. App. LEXIS 9642, *12 (Tex. App. Dec. 17, 2009) ("We therefore conclude Unifund has failed to offer a scintilla of evidence that it is the assignee of a creditor 'to whom [Laco] incurred a debt,' and the trial court did not err in granting summary judgment in favor of Laco").

> As a result of lawsuits being filed by debt collectors who do not own the debts sued upon, a New York court with a large collection caseload recently noted:

> [O]n a regular basis this court encounters defendants being sued on the same debt by more than one creditor alleging they are the assignee of the original credit card obligation. Often these consumers have already entered into stipulations to pay off the outstanding balance due the credit card issuer and find themselves filing an order to show cause to vacate a default judgment from an unknown debt purchaser for the same obligation.

*Chase Bank USA, N.A. v. Cardello*, 896 N.Y.S.2d 856, 857 (Civ. Ct. Richmond Co. 2010).

Foreclosure actions are no exception. Recently, courts have dismissed numerous foreclosure and collection lawsuits that have been filed in the names of entities that do not own the purported debts. *In re Foreclosure Cases,* No. 1:07CV2282, 2007 U.S.Dist. LEXIS 84011 (N.D. Ohio Oct. 31, 2007) (15 foreclosure cases combined); *In re Foreclosure Cases,* No. 07-cv-166, 2007 U.S.Dist. LEXIS 90812 (S.D. Ohio Nov. 27, 2007) (19 foreclosure cases combined); *In re Foreclosure Cases,* 521 F.Supp.2d 650 (S.D. Ohio 2007); *In re Foreclosure Cases,* No. 07-cv-166, 2007 U.S.Dist. LEXIS 95673 (S.D. Ohio, Dec. 27, 2007) (15 foreclosure cases combined); *NovaStar Mortgage, Inc. v. Riley,* No. 3:07-CV-397, 2007 U.S.Dist. LEXIS 86216 (S.D. Ohio Nov. 21, 2007); *NovaStar Mortgage, Inc. v. Grooms,* No. 3:07-CV-395, 2007 U.S.Dist. LEXIS 86214 (S.D. Ohio Nov. 21, 2007); *HBC Bank USA v. Rayford,* No. 3:07-CV-428, 2007 U.S.Dist. LEXIS 86215 (S.D. Ohio Nov. 21, 2007); *Everhome Mortgage Co. v. Rowland,* 2008 Ohio 1282, 2008 Ohio App. LEXIS 1103 (2008) (judgment for plaintiff reversed because it failed to introduce assignment or establish that it was holder of note and mortgage); *HSBC Bank USA, N.A. v. Valentin,* 14 Misc.3d 1123A, 859 N.Y.S.2d 895 (2008); *HSBC Bank USA, N.A., v. Cherry,* 18 Misc.3d 1102A, 856 N.Y.S.2d 24 (2007). *See also, DLJ Mortgage Capital, Inc. v. Parsons,* 2008 Ohio 1177, 2008 Ohio App. LEXIS 990 (2008); *Washington Mutual Bank, F.A. v. Green,* 156 Ohio App.3d 461, 806 N.E.2d 604 (2004); *Deutsche Bank National Trust Co. v. Castellanos,* 15 Misc.3d 1134A, 841 N.Y.S.2d 819 (May 11, 2007) ("What is clear to this Court is that Deutsche Bank assigned the mortgage during the pendency of this application, but neglected to move to amend the caption to reflect the assignment or discontinue the foreclosure action...Plaintiff Deutsche Bank lacks standing to proceed with this action since January 19, 2007."), application for foreclosure again denied for lack of standing in *Deutsche Bank National Trust Co. v. Castellanos,* 18 Misc.3d 1115A, 856 N.Y.S.2d 497 (2008) (Schack, J.); *See also Deutsche Bank National Trust Co. v. Steele,* No. 2:07-cv-886, 2008 U.S.Dist. LEXIS 4937 (S.D. Ohio Jan. 8, 2008).

To curb such abuses, §1692g(a)(2) requires specific identification of the owner on whose behalf the debt collection efforts are being conducted. If this is not the original payee of the

note, the consumer may demand proof that the creditor identified is, in fact, the holder of the obligation.  Section 9-406 of the Uniform Commercial Code, N.Y. U.C.C. §9-406.  This is evident from §1692g(a)(5), which requires a "statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor."

Defendants' ambiguous statement that the "loan is currently being serviced ***and or*** held by ONEWEST" does not satisfy the goal of §1692g(a)(2) because it fails to affirmatively identify the "creditor to whom the debt is owed."  *Sparkman v. Zwicker & Associates, P.C.*, 374 F. Supp. 2d 293 (E.D. N.Y.  2005) (Where the name of the creditor appeared in the subject line of the collection letter, but is not identified as a creditor, and is also described as an agent of the owner, Court held that "the least sophisticated consumer would not deduce from reading the Collection Letter...the name of the creditor seeking collection...." *Id*. at 301)

Defendants' argument that the letter later identifies OneWest as the "party that may accelerate and institute foreclosure proceedings" does not correct the ambiguity in Defendants' collection letter  because a servicer may "accelerate the mortgage payments, and institute a lawsuit to foreclose the mortgaged property." (FS&C and FSK&S Memo., p. 15; Exhibit B to the Complaint).

In New York, a servicing agent can sue to foreclose a mortgage, *Fairbanks v. Nagel*, 289 A.D.2d 99, 735 N.Y.S.2d 13 (1st Dep't 2001); *College Mgt. Co. v. Belcher Oil Co.*, 159 A.D.2d 339, 341 (1st Dep't 1990).  However, where courts allow the servicing agent to sue, the mortgage owner must be identified and proof of its authority to sue on the owner's behalf must be placed in the record.  *Fairbanks v. Nagel*, 289 A.D.2d 99, 735 N.Y.S.2d 13 (1st Dep't 2001). Thus, if a collection notice discloses the owner and that party is someone other than the plaintiff, the debtor is alerted to the need to demand proof of its authority.

The obvious  purpose of §§1692g(a)(2) and 1692g(a)(5) is to permit the debtor to obtain assurance that the person demanding payment is, in fact, authorized by the owner of the

obligation to collect it and to identify the current owner so that the debtor may examine any rights he has against the current owner.  Defendants' ambiguous notice evades this purpose.

## IV.   DEFENDANTS' REQUEST FOR PAYMENT WITHIN THE 30 DAY VALIDATION PERIOD WITHOUT FURTHER EXPLANATION OVERSHADOWS AND CONTRADICTS THE VALIDATION NOTICE

Defendants' collection letter that demands payment (other than by personal check) "must be received *in our office on or before* April 8, 2010" and threatens that "If you do not cure the default by April 8, 2010, ONE WEST BANK FSB, its successors and/or assigns may exercise their right to accelerate the mortgage payments, and institute a lawsuit to foreclose the mortgaged property" (Exhibit B to the Complaint; Cmplt. ¶16).  This demand requires that the consumer arrange for and remit payment prior to the end of the 30 day validation period.  (Am. Cmplt. ¶17). The statement is impermissible unless the letter further explains that a dispute or request for verification will halt further collection action, including litigation, until the debt is verified. (Am. Cmplt. ¶18).  Instead, the letter states the opposite, that "this and any further communication will not stay the proceeding of this action...." *Id.*

Language similar to that in Defendants' letter has repeatedly been held to violate the §1692g of the FDCPA. *Russell v. Equifax, A.R.S.*, 74 F.3d 30, 34 (2d Cir 1996); *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 90-91 (2d Cir. 2008) (finding a debt collection communication to contradict a debtor's FDCPA rights where the communication requires receipt of a notice challenging the verification of the debt *within the thirty day period*, when all that is required is that such notice be mailed within that period); *Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2nd Cir. 1998) (finding overshadowing where a debt collection letter contained a statement demanding 'immediate payment or a valid reason for ...failure to make payment' within thirty days); *Ellis v. Solomon and Solomon, P.C.*, 591 F.3d 130, 136 (2nd Cir. 2010)(finding overshadowing where a debt collector served a debtor with process during the thirty-day validation period without clarifying that commencement of the lawsuit did not affect the debtor's rights under the validation notice); *Bartlett v. Heibl*, 128 F3d 497 (7th Cir. 1997). (Demand for payment or making suitable

arrangements within 10 days to forestall collection litigation, together with a recitation of the 30 day validation notice, was confusing to the unsophisticated consumer and thus, contradicted and overshadowed the validation notice); *Chauncey v. JDR Recovery Corp.*, 118 F. 3d 516 (7th Cir. 1997) (The statement in the collector's letter – "Unless we receive a check or money order for the balance, in full within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made" contradicted, the language in the letter explaining the plaintiff's validation rights). See also, *Johnson v. Revenue Mgmt. Corp.* 169 F3d 1057 (7th Cir. 1999); *Avila v. Rubin*, 84 F. 3d 222 (7th Cir. 1996) (To be effective a debt validation notice must not be undermined by inconsistent and contradictory language which eviscerated its message. The statement that if the debtor was not disputing the debt the debtor must pay in ten days or risk a lawsuit violated this standard); *Graziano v. Harrison*, 950 F. 2d 107 (3d Cir. 1991) (Threat to sue, if payment was not received within ten days, contained on the front of a letter that provided notice of the consumer's right to request verification of the debt, within 30 days, rendered the verification notice ineffective, violating section 1692g and was confusing, violating, section 1692e(10); *Miller v. Payco-Gen Am Credits, Inc.*, 943 F. 2d 482 (4th Cir. 1991).

Defendants, relying on *Savino v. Computer Credit, Inc.*, 164 F.3d 81 (2d Cir. 1998); and *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 90-91 (2d Cir. 2008), insist that because the letter does "not request immediate payment," Plaintiff's claim fails. This is wrong.

To succeed in an overshadowing claim, a collection letter need not contain an express demand for immediate payment. In *Russell*, 74 F.3d 30, 34 (2d Cir 1996)*, a debt collection agency sent a letter captioned as an "immediate collection notice," telling the consumer "if you do not dispute this claim (see reverse side) and wish to pay it within the next 10 days we will not post this collection to your file." *Id.* at 32. On the reverse side of the letter there was a validation notice accurately stating the dispute rights afforded by the FDCPA. *Id.* Twenty days later, the debt collector sent another letter, demanding "payment in full within 5 days." *Id.* at 33. The Second Circuit held that both communications violated the FDCPA.

11

While the collector was technically within its rights to demand payment, the Court held that the least sophisticated consumer would be left uncertain whether she had the option to dispute the debt, and to withhold payment while disputing it.  Therefore, while the second letter did not demand immediate payment, the Court held that a second letter sent 20 days after the initial notice, demanding payment be made within 5 days, violated the FDCPA.

> By demanding payment within five days, the debt collector gave the debtor only 25 days from the date of the first notice to decide whether to challenge the claim.  This period of time is less than the 30 days required to be give a consumer under the Act.  See §1692g(a)(4)... We think it plain that plaintiff would not realize she had a statutory right to dispute the debt within 30 days in the face of a second notice from the debt collector giving her only 25 days.  See *Graziano*, 950 F.2d at 111.  Hence, the March notices violates §1692g.

Similarly, in *Chauncey*, the Seventh Circuit found the following language violated the FDCPA:  "Unless we receive a check or money order for the balance in full, within thirty (30) days from receipt of this letter, a decision to pursue other avenues to collect the amount due will be made."   118 F. 3d 516, 518 (7th Cir. 1997).  In its holding it specifically rejected the defendant's argument that the letter contained no contradiction as the letter gave the consumer the same thirty days to dispute the debt as to pay it in full.  The court reasoned that "the letter required that plaintiff's payment be received within the 30-day period, thus requiring plaintiff to mail the payment prior to the thirtieth day to comply.  In contrast, subparagraphs (3) and (4) of 1692g(a) give the consumer thirty days after receipt of the notice to dispute the validity of a debt."  *Id.* at 519.

In *Jacobson v. Healthcare Financial Services, Inc.*, 516 F.3d 85, 90-91 (2d Cir. 2008) the Second Circuit, relying in part on *Chauncey*, held that the statement "If your payment or notice is not received in this office within 30 days, we shall recommend further action be taken against you to collect this outstanding balance," violated the FDCPA,  "By requiring the notice to be received by the debt collector within thirty days, the letter shortens the period during which the recipient may seek verification of the debt."  *Id.* at 95.

Defendants FS&C and FSK&S, relying on *Jacobson*, argue that so long as the notice "adequately explained that the recipient had the right to seek verification of the debt" there is no

12

violation.  However, the language relied upon by Defendants related to the plaintiff's claim that the above statement would lead the least sophisticated consumer to be uncertain whether she had *any* right to dispute the debt at all before paying it.  *Id.* at 95.  In that regard, the Court held that the letter "presented [plaintiff] with two alternate ways of avoiding 'further action': either pay the debt 'within 30 days,' or 'submit a notice of dispute, 'within 30 days.'  This right to seek validation of the debt was further explained, not on the back of the demand letter, but on its face, below the initial statement, and in clear terms.  In these circumstances, even the least sophisticated debtor would understand that she had the option to submit a notice of dispute, rather than pay the claimed sum."  Here, Defendants' collection letter demands payment and nothing more.  There is no reference to the dispute rights, which appear on another page much later in the letter, and there is no option presented to pay or dispute.

Specifically lacking from Defendants' collection letter is the explanation or "transitional language" required by *Jacobson*, 516 F.3d 85, 90-91 (2d Cir. 2008) and *Savino*, 164 F.3d 81 (2nd Cir. 1998).

In *Savino*, the Court held that the defendant's collection letter overshadowed the validation notice because it requested immediate payment and did not explain that such a request does not override consumers' rights under 1692g.

> [Defendant's] violation of the Act consisted of its decision to ask for immediate payment without also explaining that its demand did not override the consumer's rights under Section 1692g to seek validation of the debt. [Defendant] could have both sought immediate payment and complied with the Act simply by inserting into the text of its letter transitional language that referred the addressee to the validation notice.

Indeed, the *Savino* court  provided two examples of "transitional language" which would bring the Defendant's notice in compliance with the FDCPA and call attention to a validation notice, which would still allow a debt collector to demand payment within the dispute period:

> Although we have requested that you make immediate payment or provide a valid reason for nonpayment, you still have the right to make a written request, within thirty days of your receipt of this notice, for more information about the debt. Your rights are described on the reverse side of this notice.

13

Our demand for immediate payment does not eliminate your right to dispute this debt within thirty days of receipt of this notice.  If you choose to do so, we are required by law to cease our collection efforts until we have mailed that information to you. Your rights are described on the reverse side of this notice.

Nothing similar appears in Defendants' collection letter to Plaintiff.  Here, the first page of Defendants' collection letter provides in bold capital letters "NOTICE OF DEFAULT AND INTENTION TO FORECLOSE."  The letter then goes on to demand payment of $33,274.14 "in our office on or before April 8, 2010," otherwise "ONEWEST BANK FSB...may exercise their right to accelerate the mortgage payments, and institute a lawsuit to foreclose the mortgaged property..." without any reference to the debtor's dispute rights which appear on the second and third pages of the letter.  Furthermore, in the section purporting to recite the dispute rights afforded by the FDCPA, the letter states: "Please be further advised that this and any further communication will not stay the proceeding of this action unless notified in writing by Lender, or its counsel, or unless stayed by operation of law."  (See p. 3, ¶7).

Unable to cite to any "transitional language" explaining or alerting the debtor of the dispute rights afforded by §1692g, Defendants recite several sentences within the letter addressing the debtors' ability to cure the default or present defenses to the foreclosure.  These provisions, however, do not cure the violation alleged by Plaintiff.  Defendants cannot require the consumer to arrange for and remit payment prior to the end of the 30-day validation period without explaining that a dispute or request for verification will halt further collection action until the debt is verified.

## V.   DEFENDANTS' LETTER VIOLATES THE FDCPA BY (1) ADDING THE UNAUTHORIZED REQUIREMENT THAT THE DISPUTE BE IN "WRITING" AND (2) FAILING TO STATE THAT THE DEBT WILL BE ASSUMED VALID BY THE DEBT COLLECTOR

The third and fourth violations of Defendants' collection letter are apparent from a comparison of the text of §1692g and Defendants' letter.  The provisions at issue here state:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the

14

debt, send the consumer a written notice containing–

\*\*\*

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be ***assumed to be valid by the debt collector***

(Emphasis added)

Despite the very clear language of the statute, Defendants' letter to Plaintiff states that "Unless you, the debtor, within thirty days after receipt of this notice, dispute, ***in writing***, the validity of the debt or some portion thereof, the debt will be assumed to be valid by ***the creditor***." (Emphasis added).

### A. The Plain Language of §1692g(a)(3) Exposes the Error in Defendants' Disclosure Statement

Defendants argue that their insertion of a writing requirement into the consumer rights disclosure statement mandated by §1692g(a)(3) should be excused notwithstanding that Congress did not impose that limitation.  However, "There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes."  *United States v. American Trucker Assns., Inc.*, 310 U.S. 534, 543 (1940).  Where the language employed by Congress is clear, the text controls and no further inquiry is permitted.  *Estate of Cowart v. Nichols Drilling Co.*, 505 U.S. 469, 475 (1992).  If the language in the statute is clear, this Court need look no further than that language in determining the statute's meaning.

The weight of authority holds that Congress intended the omission of a writing requirement and that the debt collector cannot add a writing requirement.  *Vega v. Credit Bureau Enterprises*, 2005 U.S. Dist. LEXIS 4927, Case No. 02-CV-1550 (E.D.N.Y. 2005) (noting that "all district courts within the Second Circuit that have considered the issue [have] concluded that subsection (a)(3) does not require a consumer to write to the collection agency in order to dispute the validity of the debt") *In re Risk Management Alternatives, Inc.*, 208 F.R.D. 493, 501-03

15

(S.D.N.Y. 2002) (finding that the statute permits a debtor to dispute a debt orally, and that a notice must unambiguously indicate how a debtor may dispute the debt); *Ong v. American Collection Enterprise, Inc.*, 1999 U.S. Dist. LEXIS 409, Case No. 98-CV-5117  (E.D.N.Y., 1999) (finding misleading a notice that suggested that a debt may be disputed only in a written communication); *Register v. Reiner, Reiner, & Bendett, PC*, 488 F. Supp. 2d 143 (D. Conn. 2007).

In *Ong*, the court relied on the plain language of Section 1692g(a)(3) to find the omission of the writing requirement to be intentional:

> The language and structure of [subsections g(a)(3) through g(b)] indicate that the omission of the "in writing" requirement in subsection (a)(3) was intentional. Congress demonstrated subsections immediately following subsection (a)(3) is this less likely to be the result of inadvertence.

1999 U.S. Dist. LEXIS 409, at *6.

A writing is only required if the debtor desires verification or identification of the original creditor.  In *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 217 F.Supp. 2d 336 (E.D. N.Y. Aug. 19, 2002), the defendant debt collector sent a letter to plaintiff which omitted the requirement that the debtor must notify the defendant in writing if the debtor disputed the debt and wanted verification of the debt and the identity and address of the original creditor.  The defendant argued that, by eliminating the writing requirement, it was making things easier for the debtor. *Grief*, 217 F.Supp. 2d 336 , at 340-341.  The Court held that a debt collector did not have the prerogative to ignore the plain language of the statute, even if the intention was to make things easier for the debtor.  *Id*.  Under *Grief*, a debt collector cannot ignore the plain language of the statute and impose *additional* burdens on debtors.  That is what defendants did in this case and in doing so they violated the FDCPA.

Defendants rely on a contrary statement in *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991), which concluded that "there are strong reasons to prefer that a dispute of a debt collection be in writing."  However, while the Second Circuit has not definitively resolved this issue, the reasoning in *Graziano* contravenes the reasoning of several district court decisions in this Circuit.  See *Castro v. A.R.S. National Services, Inc.*, 99-CV04596, 2000 U.S. Dist. LEXIS 2618

16

(S.D.N.Y. Mar. 8, 2000); *Ong*, Case No. 98-CV-5117, 1999 U.S. Dist. LEXIS 409, (E.D.N.Y., 1999); *Young v. Credit Bureau of Lockport, Inc.*, 729 F. Supp. 1421 (W.D.N.Y. 1989); *In re Risk Management Alternatives, Inc.*, 208 F.R.D. 493, 501-03 (S.D.N.Y. 2002) ("I conclude, along with my colleagues cited earlier, that the Second Circuit would not accept the Graziano rule, and would permit disputes to be raise otherwise than in writing).

Other Circuits have affirmatively held that there is no writing requirement implicit in section 1692g(a)(3). *Camacho v. Bridgeport Financial, Inc.*, 430 F.3d 1078, 1082-83 (9th Cir. 2005); *Brady v. The Credit Recovery Co., Inc.*, 160 F.3d 64, 66-67 (1st Cir. 1998).

Section 1692g(a)(3) clearly does not have a writing requirement. The omission is clear. Indeed, Defendants cannot dispute that §1692g(a)(3) does not reference a written notice of dispute.

**B.      Defendants' Letter Fails to Apply the Assumption of Validity to Debt Collectors**

The language of §1692g(a)(3) is clear and undisputed:

> (a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing–
>
> ***
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid ***by the debt collector***

This was not included in Defendants' letter. Instead Defendants sent Plaintiff a letter with a contradictory statement that, unless disputed within the thirty days, "the debt will be assumed valid by the creditor." If the language in the statute is clear, this Court need look no further than that language in determining the statute's meaning. *Estate of Cowart v. Nichols Drilling Co.*, 505 U.S. 469, 475 (1992).

The letter here differs from the letter accepted by the Second Circuit which included

a reference to the creditor in addition to the debt collector in the §1692g(a)(3) notice. In *Greco v. Trauner, Cohen & Thomas, LLP*, 412 F.3d 360 (2d Cir., 2005), the debt collector's letter stated that if the consumer did not dispute the debt, the debt would be assumed valid by *both* the debt collector *and* the creditor. *Id.*, at 365. The Court held that because the "letter's language tracks the statute almost verbatim" with the exception of the additional reference to creditor, the letter did not violate the FDCPA. Here, the letter does not track the language of the FDCPA. The letter specifically leaves out that the debt will be assumed to be valid "*by the debt collector*." The inclusion of "creditor" was not in addition to, but in place of, the required statutory language. See §1692g(a)(3).

Defendants have sent Plaintiff a collection letter which fails to properly identify the creditor, leaving the consumer confused as to whom the debt is owed and who Defendants are collecting for, either the servicer or the creditor. As previously explained, there is a widespread problem with consumers paying or settling debts with collection agents and then being subjected to collection activity or suit by others for the same debt. In addition to the letter's failure to identify the creditor, the letter also contradicts the validation in notice in requiring the consumer to arrange for and remit payment prior to the end of the 30-day validation period and demanding that the debt be disputed in writing. Viewing the letter as a whole, particularly where the letter failed to disclose the identity of the creditor, and given the context in which this contradictory statement was made, it is clear that the change from "debt collector" to "creditor" was intended to, or has the effect of, further confusing the consumer.

## VI. THE ACTS OF FS&C, AS A CO-VENTURE OF FSK&S AND RG&C, ARE ATTRIBUTABLE TO FSK&S AND RG&C

While the previous sections were in response only to the Motion to Dismiss filed jointly by FS&C and FSK&S, this section of Plaintiff's opposition is submitted in response to both the motion filed by FS&C and FSK&S, as well as the motion filed by RG&C.

In a last ditch effort to avoid liability for a clearly unlawful collection letter, Defendants FSK&S and RG&C each assert that, despite the fact that as co-venturers they

18

"established Fein, Such, Crane, LLP to capitalize on the combined expertise of two well known creditors' rights firms," and "to apply to our client's benefit the collective depth and breadth of knowledge and experience of the shareholders, partners, associates and staff of the two sister law firms..." that they are "distinct and separate" and cannot be held accountable for the acts of FS&C. (Am. Cmplt. ¶9-10).

Because FS&C is a co-venture of FSKS and RGC, its acts are attributable to FSKS and RGC. A joint venture or "co-venture" is a partnership. *Lotito v. Biden*, 851 N.Y.S.2d 70, 2007 N.Y. Misc. LEXIS 7144 (N.Y. Sup. Ct. 2007). See also, *Prince v. Dembitzer*, 193 A.D.2d 494, 597 N.Y.S.2d 381 (N.Y. Sup. Ct. 1993); *Related- Fallse Bridge Ltd. Partnership v. Falls bridge Plaza Association*, 177 A.D.2d 275, 575 N.Y.s.2d 852 (N.Y. Sup. Ct. 1991); *Madison Hudson Assoc., LLC v. Neumann*, 806 N.Y.S.2d 445, 2005 N.Y. Misc. LEXIS 1698 (N.Y. Sup. Ct. 2005). Rule 7.5 of the New York Rules of Professional Conduct, regarding Professional Notices, Letterheads and Signs, states that "Lawyers shall not hold themselves out as having a partnership with one or more other lawyers unless they are in fact partners." Rule 7.5(c). That being said Plaintiff believes that discovery into the relationship between FS&C and FSKS and RGC and the role of each in approving and using the standard form letter will be necessary to fully address all of the issued raised by Defendants.

Defendant FSK&S argues that "Plaintiff admits that FSKS and FSC are separate legal entities" and that "FSKS is alleged to be a partner in FSC, and thus a partner in a limited liability partnership." (FS&C and FSK&S Memo, p. 20). This is not true. Plaintiff has specifically alleged that since FS&C is *a co-venture* of FSK&S and RG&C, its acts are attributable to FSK&S and RG&C. (Am. Cmplt. ¶11). Plaintiff's allegation is in fact confirmed on the website of FSK&S. (Am. Cmplt. ¶9).

Despite RG&C's conclusory statements, it is entirely unclear who the partners of FS&C are (whether the two firms are the partners or some of their attorneys are) and such a fact cannot be assumed or determined as a matter of law.

Furthermore, pursuant to N.Y. Partnership Law §§ 26(c)-(d) and Rule 5.1 of the New York Rules of Professional Conduct, each partner in FS&C is responsible for adequately supervising the work of the other attorneys.  Given the statements made on Defendants' website, this likely includes the drafting of a form letter sent to numerous individuals.

The arguments presented by Defendant FSK&S and RG&C are entirely without merit given the information provided on their website and the specific allegations contained in Plaintiff's complaint.  At best, these issues present a question of fact not appropriately decided on a motion to dismiss.

## VII.    CONCLUSION

For the reasons stated, Defendants' motions to dismiss should be denied.

Respectfully submitted,

s/ Daniel A. Edelman
Daniel A. Edelman

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY  11556-0165
(516) 522-2621
(888) 522-1692 (FAX)

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
EDELMAN, COMBS, LATTURNER
        & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)